IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ROBERT JAMES HENRY, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| CITY OF TAYLOR | § | |
| TERRY DECHIARA | § | No. **10-CV-693** |
| ANTHONY MOREHOUSE | § | |
| JOSEPH BRANSON | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

A.  Parties

1.  Plaintiff, Robert James Henry, is an individual who is a citizen of the State of Texas.

2.  Defendant, City of Taylor, a municipal corporation which operates the Taylor Police Department, may be served by delivering copy of the summons and the complaint to the City Clerk of Taylor, Susan Brock, by personal service at 400 Porter Street, Taylor, TX 76574.

3.  Defendant, Terry DeChiara, an individual and a citizen of the State of Texas, may be served with process at 500 South Main Street, Taylor, TX 76574.  Defendant DeChiara is a Taylor Police Department officer.  Relief is sought against Defendant DeChiara in his individual capacity.

4.  Defendant, Joseph Branson, an individual and a citizen of the State of Texas, may be served with process at 500 South Main Street, Taylor, TX 76574.  Defendant Branson is a Taylor Police Department Officer.  Relief is sought against Defendant Branson in his

1

individual capacity.

5. Defendant, Anthony Morehouse, an individual and a citizen of the State of Texas and may be served with process at 500 South Main Street, Taylor, TX 76574. Defendant Morehouse is a Taylor Police Department officer. Relief is sought against Defendant Morehouse in his individual capacity.

B. Jurisdiction

6. The court has jurisdiction over the lawsuit pursuit to 28 U.S.C. 1331 and 1343(a)(3) because the suit arises under 42 U.S.C. § 1983 and amendment four to the U.S. Constitution. Plaintiff alleges deprivation of plaintiff's constitutional rights under color of law, specifically excessive force by the City of Taylor and police officers.

C. Venue

7. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district. Plaintiff was arrested in Williamson County, Texas.

D. Facts

8. On September 22, 2008, plaintiff suffered personal injury when three police officers tackled him and caused him to hit the ground with significant force.

9. Plaintiff was arrested by Defendant DeChiara, Defendant Morehouse and Defendant Branson acting in the course and scope of their employment as officers for the City of Taylor Police Department.

10. Defendants used unreasonable, unnecessary and excessive force while arresting and detaining plaintiff. Specifically, each defendant used a force necessary to knock

plaintiff to the ground and did so prior to giving any command for plaintiff submit to their authority and knowing that plaintiff had a history of mental illness.

11. The injuries suffered by plaintiff were significant, substantial and severe. Plaintiff suffered a broken arm and injury to his neck.

12. At the time of arrest, defendants were acting under color of the laws and regulations of the State of Texas and the City of Taylor Police Department. City of Taylor Police Department had a custom in place that enabled its agents and employees to act with deliberate indifference to the constitutional rights of individual. The custom allowed misconduct by its police officers by failing to adequately supervise, train, or discipline those officers in general and specifically regarding use of force and/or detainees with mental health conditions. These policies were actually known, constructively known or ratified by the City of Taylor and carried out with deliberate indifference to plaintiff's rights under the Fourth Amendment of the U.S. Constitution.

### E. Count 1-Violation of Constitutional Rights

13. The exercise of this established custom violated plaintiff's clearly established rights under the U.S. Constitution against unreasonable seizure of his person and his right to be free from the use of unreasonable, unnecessary, and excessive force.

### F. Count 2-42 U.S.C. §1983 Claim Against Individual Defendants

14. The officers acted willfully, deliberately, maliciously, or with reckless disregard for plaintiff's clearly established constitutional rights. By not giving plaintiff any command to submit to their authority before tackling him, the defendants denied plaintiff the

ability to cooperate and thereby avoid the force used against him. In addition defendants denied plaintiff's clearly established constitutional rights by gang tackling plaintiff, by failing to try a less forceful means of arresting plaintiff and by using so much force that plaintiff fell to the ground.

### G.  Damages

15.  As a direct and proximate result of the officers' use of excessive force plaintiff suffered the following injuries and damages:

    a.  Medical expenses in the past and future.

    b.  Mental anguish in the past and future.

    c.  Disfigurement in the past and future.

    d.  Physical impairment in the past and future.

    e.  Physical pain and suffering.

### H.  Attorney Fees

16.  Plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C. §1988(b).

### I.  Jury Demand

17.  In compliance with Rule 38, Federal Rules Civil Procedure, plaintiff hereby notifies all parties of his demand for a jury and tenders the appropriate fee.

J. <u>Prayer</u>

18. For these reasons, plaintiff asks for judgment against the defendants for the following:

a. Actual damages;

b. Attorney fees;

c. Prejudgment and postjudgment interest.

d. Cost of suit.

e. All other relief the court deems appropriate.

          Respectfully submitted,

          /s/  Donna Keith
          Donna Hall Keith
          State Bar No. 00789335
          605 W. Oltorf Street
          Austin, TX 78704
          donna-keith@sbcglobal.net
          Tel:  512-743-6064
          Fax:  512-447-1475
          ATTORNEY IN CHARGE FOR
          ROBERT J. HENRY